IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RASHANDA MCCANTS and DEVON )
RAMSAY, individually and on behalf of all )
others similarly situated, )
)
      Plaintiffs, )
)
   v. )    1:15-cv-176
)
THE NATIONAL COLLEGIATE )
ATHLETIC ASSOCIATION and THE )
UNIVERSITY OF NORTH CAROLINA )
AT CHAPEL HILL, )
)
      Defendants. )

**ORDER**

Plaintiffs, Rashanda McCants ("McCants") and Devon Ramsay ("Ramsay"), brought this putative class action in state court against the National Collegiate Athletic Association (the "NCAA") and the University of North Carolina at Chapel Hill ("UNC-Chapel Hill"), alleging various state claims against each Defendant. The NCAA removed the case to this Court. Following removal, UNC-Chapel Hill and the NCAA moved to dismiss the claims against them.[1] (ECF Nos. 19, 20.) The Court heard oral argument in this matter, and for the reasons outlined below, the Court will enter a stay on all pending motions in this case involving UNC-Chapel Hill.[2]

---

[1] Simultaneously with this Order, the Court has entered a Memorandum Opinion and Order granting the Motion to Dismiss filed by the NCAA.

[2] Those motions are: (1) UNC-Chapel Hill's Motion to Dismiss (ECF No. 19); (2) Plaintiffs' Motion for Judicial Notice of NCAA's Notice of Allegations Directed to UNC-Chapel Hill (ECF No. 28); and (3) Plaintiffs' Motion to Strike UNC-Chapel Hill's Suggestion of Subsequently Decided Authority (ECF No. 38).

The Court is being asked to determine, as a threshold matter, whether UNC-Chapel Hill has waived its Eleventh Amendment immunity from suit under the facts and circumstances of this case. Waiver is an issue for the Court to decide only if UNC-Chapel Hill is an arm or alter ego of the State of North Carolina. While Plaintiffs do not challenge that UNC-Chapel Hill is an arm or alter ego of the state, in *McAdoo v. the University of North Carolina at Chapel Hill*, a case heard on the same day as this case, the Court was squarely presented with the issue of whether UNC-Chapel Hill is an arm or alter ego of the state. In both cases, plaintiffs are former UNC-Chapel Hill student-athletes who filed a putative class action complaint against UNC-Chapel Hill, alleging that UNC-Chapel Hill enrolled them in "sham courses." Plaintiffs in *McAdoo* requested discovery on certain arm-of-the-state factors. The Court, in concluding that it was necessary to conduct its own analysis of whether UNC-Chapel Hill is in fact an arm or alter ego of the state, granted the plaintiffs' request for discovery by Order dated June 23, 2016 and stayed the case pending the outcome of discovery. *See* Order at 10, No. 14-cv-935 (M.D.N.C. June 23, 2016).

Given the factual similarities and the common legal issue between these two cases, and to avoid inconsistent rulings on whether UNC-Chapel Hill is an arm or alter ego of the state, the Court finds that a stay is necessary on all pending motions until resolution of the issue of whether UNC-Chapel Hill is an arm or alter ego of the state. Federal courts have the inherent power to control their docket by staying proceedings *sua ponte* to provide a just determination of the issues before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *Crown Cent. Petroleum Corp. v. Dep't of Energy*, 102 F.R.D. 95, 98–99 (D. Md. 1984). A stay is particularly appropriate, and within the

sound discretion of the district court, in a case, such as this one, where the outcome of another proceeding may impact or be dispositive of issues pending in the instant case before the court. *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). Accordingly, to "promote judicial economy and avoid the possibility of inconsistent rulings," *In re Mut. Funds Inv. Litig.*, No. JFM–04–1274, 2011 WL 3819608, at *2 (D. Md. Aug. 25, 2011), the remaining motions in this case involving UNC-Chapel Hill are stayed pending resolution of the issue of whether UNC-Chapel Hill is an arm or alter ego of the state.

IT IS THEREFORE ORDERED that (1) UNC-Chapel Hill's Motion to Dismiss (ECF No. 19), (2) Plaintiffs' Motion for Judicial Notice of NCAA's Notice of Allegations Directed to UNC-Chapel Hill (ECF No. 28), and (3) Plaintiffs' Motion to Strike UNC-Chapel Hill's Suggestion of Subsequently Decided Authority (ECF No. 38) are STAYED pending resolution of the issue of whether UNC-Chapel Hill is an arm or alter ego of the state, unless otherwise ordered by the Court. Any party may submit briefing to the Court within 10 days of the entry of this Order if such party wishes to seek relief from this stay. The briefing shall be no more than 7 pages.

This, the 12th day of August, 2016.

                                                /s/ Loretta C. Biggs
                                         United States District Judge