IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RASHANDA MCCANTS and DEVON )
RAMSAY, individually and on behalf of all )
others similarly situated, )
)
      Plaintiffs, )
)
      v. )   1:15-cv-176
)
THE NATIONAL COLLEGIATE )
ATHLETIC ASSOCIATION and THE )
UNIVERSITY OF NORTH CAROLINA )
AT CHAPEL HILL, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiffs, Rashanda McCants and Devon Ramsay, brought this putative class action in state court against Defendants, the National Collegiate Athletic Association (the "NCAA") and the University of North Carolina at Chapel Hill ("UNC-Chapel Hill"), alleging various state claims against each Defendant. The NCAA removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"),[1] 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. (ECF No. 1.) UNC-Chapel Hill filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of

---

[1] "CAFA . . . [was] enacted to amend the requirements for diversity jurisdiction and to amend the rules for removing cases to federal court." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008) (emphasis omitted). Specifically, CAFA expands the amount in controversy requirement to a sum in excess of $5,000,000 and eliminates both the requirement of unanimity of consent to removal among defendants and complete diversity. 28 U.S.C. §§ 1332(d)(2), 1453(b). Minimal diversity between plaintiffs and defendants is sufficient. *See* § 1332(d)(2)(A).

the Federal Rules of Civil Procedure,[2] seeking dismissal on the ground that, as an agency of the State of North Carolina, it is immune from suit in this Court under the Eleventh Amendment, as well as other grounds. (ECF No. 19; *see also* ECF No. 22 at 9, 12.) For the reasons set forth below, the Court remands the case to state court.

**I.     LEGAL STANDARD**

The Fourth Circuit has "been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *Andrews v. Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000). Several recent Fourth Circuit opinions, however, have recognized the jurisdictional characteristics of the Eleventh Amendment. *See, e.g.*, *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014); *Carpenters Pension Fund of Baltimore v. Md. Dep't of Health & Mental Hygiene*, 721 F.3d 217, 220, 223 (4th Cir. 2013); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480–81 (4th Cir. 2005). While Eleventh Amendment immunity contains characteristics of subject matter jurisdiction in that a state may raise immunity at any time, it "is not strictly an issue of subject-matter jurisdiction" because, unlike subject matter jurisdiction, Eleventh Amendment immunity "may be waived by the [s]tate altogether."[3] *Constantine*, 411 F.3d at 481, 482. According to the Supreme Court, "[t]he Eleventh Amendment . . . does not automatically destroy original jurisdiction. Rather, [it]

---

[2] The NCAA also filed a motion to dismiss, which the Court granted on August 12, 2016. (ECF No. 42.)

[3] *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that "no action of the parties can confer subject-matter jurisdiction upon a federal court" and thus consent, waiver, or estoppel do not apply).

2

grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Wis. Dep't. of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998).

Though "not a true limit on the subject-matter jurisdiction of federal courts, the Eleventh Amendment is a block on the exercise of that jurisdiction." *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1996) (quotation omitted); *accord Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (stating that Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction"). Once asserted by the state, such immunity becomes a threshold issue that must be resolved before the court can address any of a plaintiff's claims. *See Constantine*, 411 F.3d at 482 ("Given the States' unique dignitary interest in avoiding suit, it is no less important to resolve Eleventh Amendment immunity questions as soon as possible after the State asserts its immunity." (citation and footnote omitted)). In recent years, district courts within the Fourth Circuit have generally considered this immunity defense under Rule 12(b)(1). *See, e.g.*, *Hutto v. S.C. Ret. Sys.*, 899 F. Supp. 2d 457, 466 (D.S.C. 2012); *Beckham v. Nat'l R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 547 (D. Md. 2008). This Court will do the same.

A motion under Rule 12(b)(1), which governs dismissal for lack of subject matter jurisdiction, raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). Ordinarily, the party asserting jurisdiction bears the burden of establishing subject matter jurisdiction. *See Strawn*, 530 F.3d at 296. However, where the Eleventh Amendment bar has been asserted by a party, that party has the burden of proving that it is entitled to sovereign immunity. *Hutto v. S.C. Ret.*

3

*Sys.*, 773 F.3d 536, 543 (4th Cir. 2014). In evaluating a motion under Rule 12(b)(1), the court may consider evidence outside the pleadings and should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## II. DISCUSSION

### A. Sovereign Immunity and Eleventh Amendment Immunity Distinguished

Courts have recognized two forms or species of state sovereign immunity: (1) Eleventh Amendment immunity and (2) a state's broader, general sovereign immunity. *See, e.g.*, *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015); *Lombardo v. Pa., Dep't of Pub. Welfare*, 540 F.3d 190, 194–95 (3d Cir. 2008); *Stewart v. North Carolina*, 393 F.3d 484, 487–88 (4th Cir. 2005). "While both doctrines are often referred to as 'sovereign immunity,' they are not the same." *Murphy v. Smith*, 844 F.3d 653, 656 (7th Cir. 2016); *see also Stewart*, 393 F.3d at 487 ("distinguish[ing] the related but not identical concepts of Eleventh Amendment immunity and state sovereign immunity").

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State," U.S. Const. amend. XI, "and (as interpreted) by its own citizens," *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002). *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). "This immunity protects a state's dignity and fiscal integrity from federal court judgments, and acts as a limitation on the federal judiciary's Article III powers." *Beaulieu*, 807 F.3d at 483 (citation omitted); *see also Bragg v. W. Va. Coal*

4

*Ass'n*, 248 F.3d 275, 291 (4th Cir. 2001) (explaining that the Eleventh Amendment is a "limit on federal judicial power[,]" which is "an essential element of the constitutional design," because it "accords the States the respect owed them as members of the federation" (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993))).

Although the precise terms of the Eleventh Amendment only bar federal jurisdiction over suits between a state and citizens of another state or foreign state, the Supreme Court has long observed that states possess a broader form of immunity that transcends the literal meaning of the Eleventh Amendment. *See Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 754 (2002); *Idaho v. Coeur d' Alene Tribe of Idaho*, 521 U.S. 261, 267–68 (1997) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). This broader doctrine of immunity predates the enactment of the Eleventh Amendment and the founding of our Nation. *See S.C. State Ports Auth. v. Fed. Maritime Comm'n*, 243 F.3d 165, 167–68 (4th Cir. 2001). Unlike immunity under the Eleventh Amendment, which addresses whether a state has consented to being sued in a federal court, *Stewart*, 393 F.3d at 488, a state's more general sovereign immunity bars all private suits against the state whether brought in federal or state court, *Beaulieu*, 807 F.3d at 483; *S.C. State Ports Auth.*, 243 F.3d at 169. This form of immunity is "based on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." *Stewart*, 393 F.3d at 488 (quoting *Nevada v. Hall*, 440 U.S. 410, 416 (1979)).

The Supreme Court explained the relationship between Eleventh Amendment immunity and sovereign immunity as follows:

> We have . . . sometimes referred to the States' immunity from suit as "Eleventh Amendment immunity." The phrase is convenient shorthand

5

> but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of their admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments.

*Alden v. Maine*, 527 U.S. 706, 713 (1999); *Fed. Maritime Comm'n*, 535 U.S. at 753 ("[T]he Eleventh Amendment does not define the scope of the States' sovereign immunity; it is but one particular exemplification of that immunity.").

Neither form of immunity is absolute. States are free to waive either type of immunity in either federal or state court. *Beaulieu*, 807 F.3d at 483. A state's decision "to waive [its] immunity . . . is altogether voluntary on the part of the [state]." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (quotation omitted). However, that a state voluntarily waives its sovereign immunity in state court does not mean the state has consented to suit in federal court. *See id.* at 676; *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) ("Although a State's general waiver of sovereign immunity may subject it to suit in state court, it is not enough to waive the immunity guaranteed by the Eleventh Amendment."), *superseded on other grounds by statute, as recognized in Lane v. Pena*, 518 U.S. 187, 198 (1996).

### B. UNC-Chapel Hill did not waive Eleventh Amendment Immunity

Plaintiffs do not dispute that the University of North Carolina and its constituent institutions, including UNC-Chapel Hill, are agencies of the State of North Carolina and, thus, would ordinarily enjoy sovereign and Eleventh Amendment immunity. Rather, Plaintiffs argue that (1) North Carolina abrogated its sovereign immunity as to express and implied-in-

fact contracts, and (2) UNC-Chapel Hill waived its immunity by taking affirmative steps to support the NCAA's removal of the case to this Court. (ECF No. 25 at 14.)

The Court agrees with Plaintiffs that North Carolina has abrogated its sovereign immunity as to express and implied-in-fact contracts in state court. To determine whether a state has waived its sovereign immunity, the court must look to state law, including decisions from the state's highest court. *See Alden*, 527 U.S. at 757–58; *cf. Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 251–52 (4th Cir. 2012). The North Carolina Supreme Court held in *Smith v. State* "that whenever the State of North Carolina, through its . . . agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract." 222 S.E.2d 412, 423–24 (N.C. 1976). North Carolina courts have extended the State's waiver of sovereign immunity to contracts implied-in-fact.[4] *See Sanders v. State Pers. Comm'n*, 644 S.E.2d 10, 14 (N.C. Ct. App. 2007). Thus, UNC-Chapel Hill, as an agency of the State of North Carolina, is unable to assert a sovereign immunity defense to Plaintiffs' contract claims in state court, "occupy[ing] the same position as any other litigant." *Smith*, 222 S.E.2d at 424.

Even though North Carolina has waived its sovereign immunity as to contract claims in its courts, the Court must determine whether the Eleventh Amendment bars the claims in this Court. The "test for determining whether a State has waived its immunity from federal-

---

[4] An implied-in-fact contract is an actual contract that is implied from the circumstances. *Sanders v. State Pers. Comm'n*, 644 S.E.2d 10, 14 (N.C. Ct. App. 2007). Unlike implied-in-fact contracts, contracts implied-in-law are not contracts; rather, they are imposed by law to prevent unjust enrichment. *Booe v. Shadrick*, 369 S.E.2d 554, 556 (N.C. 1988). North Carolina retains its sovereign immunity as to implied-in-law contracts. *Whitfield v. Gilchrist*, 497 S.E.2d 412, 413 (N.C. 1998). Plaintiffs' Complaint alleges the existence of a contract implied-in-fact. (*See* ECF No. 5 ¶ 250 ("Plaintiffs . . . entered into valid implied contracts with UNC, under which Plaintiffs . . . agreed to enroll at UNC . . . and UNC agreed to provide . . . a UNC education that included academically sound classes with legitimate educational instruction.").)

7

court jurisdiction is a stringent one." *Coll. Sav. Bank*, 527 U.S. at 675 (quoting *Scanlon*, 473 U.S. at 241). "Generally, [a federal court] will find a waiver either if the State voluntarily invokes our jurisdiction," or "if the State makes a 'clear declaration' that it intends to submit itself to our jurisdiction." *Id.* at 675–76.

It has long been recognized that a state waives its Eleventh Amendment immunity in federal court when it voluntarily submits itself to federal jurisdiction. *See Clark v. Barnard*, 108 U.S. 436, 447–48 (1883) (concluding that Eleventh Amendment immunity was waived "by the voluntary appearance of the State in intervening as a claimant" in court). This well-settled principle was explained by the Supreme Court in *Lapides*, which is a case on which both parties rely. There, a plaintiff filed a lawsuit against a state university system and certain university officials in state court. 535 U.S. at 616. The state joined with the other defendants in removing the action to federal court where the state sought dismissal on Eleventh Amendment immunity grounds. *Id.* The Supreme Court held that voluntarily invoking a federal court's jurisdiction through removal is a "clear" act sufficient to waive the state's immunity under the Eleventh Amendment. *Id.* at 620, 623–24; *see Sansotta v. Town of Nags Head*, 724 F.3d 533, 546 (4th Cir. 2013) (describing *Lapides* as "creat[ing] a bright line rule").

Here, unlike the state in *Lapides*, UNC-Chapel Hill did not invoke the Court's jurisdiction. UNC-Chapel Hill did not remove this case to federal court. Nor did UNC-Chapel Hill join in or consent to the removal. It was the NCAA that unilaterally removed the case under CAFA, which it was entitled to do, because CAFA eliminated the unanimity consent requirement for removal in class action diversity cases, 28 U.S.C. § 1453(b). In addition, it is undisputed that at the time the NCAA removed the case to this Court, UNC-

8

Chapel Hill's removal deadline had already passed. Accordingly, this case and the parties are in federal court because the NCAA, not UNC-Chapel Hill, invoked federal jurisdiction. *See Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546–47 (5th Cir. 2006) ("Because CAFA eliminated the requirement of unanimity of consent to removal, a state may find itself in a case removed to federal court without having joined in the removal." (footnote omitted)).

Plaintiffs, nevertheless, contend that UNC-Chapel Hill "took affirmative and aggressive steps, expending State resources, to ensure this action landed, and remained, in federal court" and thus UNC-Chapel Hill has waived its Eleventh Amendment immunity. (ECF No. 25 at 16, 18.) Specifically, they point to three declarations UNC-Chapel Hill provided to the NCAA, which contained information that the NCAA used to satisfy the jurisdictional requirements for removal under CAFA. (*Id.* at 17; *see* ECF No. 1 ¶¶ 15, 22a, 29; ECF Nos. 1-2, 1-4, 1-7.) They claim that UNC-Chapel Hill "could have refused to provide that assistance, and instead demanded that the NCAA seek formal discovery" to get the information needed to satisfy this Court's subject matter jurisdiction. (ECF No. 25 at 17.) The Court finds these arguments unpersuasive.

Plaintiffs have not provided any cases where a court has held that a state has invoked federal jurisdiction and therefore waived its Eleventh Amendment immunity because it assisted a co-defendant in federal litigation.[5] Unlike the act of removal, supplying declarations to a co-defendant is not an invocation of federal jurisdiction. Nor is it a "clear declaration"

---

[5] *See contra Cotterill v. City and Cty. of San Francisco*, No. C 08-02295 JSW, 2008 WL 3876153, at *3 (N.D. Cal. Aug. 19, 2008) (rejecting the plaintiff's argument that defendant "waived its Eleventh Amendment immunity by cooperating in the removal of this case").

9

that UNC-Chapel Hill intended to submit itself to federal jurisdiction. *See Coll. Sav. Bank*, 527 U.S. at 680 ("The whole point of requiring a 'clear declaration' *by the State* of its waiver is to be certain that the State in fact consents to suit."). It may be that UNC-Chapel Hill was motivated to have the case in federal court; however, the Supreme Court has stated that "[m]otives are difficult to evaluate, while jurisdictional rules should be *clear*." *Lapides*, 535 U.S. at 621 (emphasis added). Further, there is no dispute as to the veracity of the alleged facts in the declarations or the propriety of removal. As such, this Court rejects Plaintiffs' argument that UNC-Chapel Hill could have refused to provide the NCAA with such information and demanded that the NCAA seek formal discovery. There is no legal basis to suggest UNC-Chapel Hill was required to resist providing the NCAA with ostensibly accurate jurisdictional facts to retain its Eleventh Amendment immunity. This Court agrees with UNC-Chapel Hill that such a result would unnecessarily increase costs and delay to the parties and waste scarce judicial resources. (*See* ECF No. 41 at 91–92.)

Finally, Plaintiffs argue that UNC-Chapel Hill's conduct in inviting the Court to reach the merits of its Rule 12(b)(6) motion, while simultaneously maintaining it is immune from suit in this Court,[6] amounts to an unfair tactical advantage that runs afoul of the rationale behind *Lapides'* voluntary invocation of jurisdiction rule. (*See* ECF No. 41 at 86.) The Supreme Court explained in *Lapides* that waiver based on litigation conduct "rests upon the . . .

---

[6] At oral argument UNC-Chapel Hill stated the following: "[G]iven the tricky issues with the Eleventh Amendment, we are willing to set those aside, not waive them, but as the cases allow, . . . the Court should reach the issues that we believe merit dismissal on the merits, including the statute of limitations issue, before even it needs to get to the Eleventh Amendment issue. . . . [W]e have not under any construction or any applicable authority waived Eleventh Amendment immunity," but "we are willing to allow the Court to hear the issues on the merits." (ECF No. 41 at 80–81.)

10

recognition of the judicial need to avoid inconsistency, anomaly, and unfairness, and not upon a State's actual preference or desire, which might . . . favor selective use of 'immunity' to achieve litigation advantages." *Lapides*, 535 U.S. at 620. What concerned the Supreme Court in *Lapides* was a state affirmatively invoking federal jurisdiction, engaging in discovery, inviting the district court to enter judgment on the merits, and belatedly raising the Eleventh Amendment immunity defense after entry of an unfavorable judgment. *See id.* at 620, 621 (citing favorably Justice Kennedy's concurrence in *Wis. Dep't of Corrs.*, 524 U.S. at 393–94, 398, where he described the inconsistency and unfairness in "permitting the belated assertion of the Eleventh Amendment bar," which "allow[s] States to proceed to judgment without facing any real risk of adverse consequences" in that "[s]hould the State prevail, the plaintiff would be bound by principles of res judicata," but "[i]f the State were to lose . . . it could void the entire judgment simply by asserting its immunity on appeal"); *accord Meyers v. Texas*, 410 F.3d 236, 245–46 (5th Cir. 2005); *New Hampshire v. Ramsey*, 366 F.3d 1, 16–17 (1st Cir. 2004); *Ku v. Tennessee*, 322 F.3d 431, 433–35 (6th Cir. 2003); *see also McCray*, 741 F.3d at 483; *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1021–22 (9th Cir. 2010). This is not what UNC-Chapel Hill has done in this case. A month after UNC-Chapel Hill involuntarily found itself in federal court as a defendant due to CAFA, it raised the defense of Eleventh Amendment immunity, in its motion to dismiss. *See McCray*, 741 F.3d at 483 (explaining "[t]here are limits to how long a state may wait before claiming immunity" but the case had not advanced to the discovery stage and thus it was not too late to raise sovereign immunity defense).

Based on the reasons outlined above, UNC-Chapel Hill has not waived its Eleventh Amendment immunity as an agency of the State of North Carolina.[7] Thus, the Court concludes that the Eleventh Amendment bars adjudication of Plaintiffs' claims in federal court.

### C. Remand is appropriate under 28 U.S.C. § 1447(c)

With the Eleventh Amendment bar applicable to Plaintiffs' claims, the Court must determine whether to proceed to address the merits of the claims, remand the claims to state court, or dismiss them. UNC-Chapel Hill argues that because Eleventh Amendment immunity is not a "firm jurisdictional bar" and that Plaintiffs' claims are futile, the Court should, in the interest of judicial economy, not remand the case, but rather rule on the merits of its other defenses in the motion to dismiss. (ECF No. 41 at 79–80 (citing *Betts v. Rector & Visitors of Univ. of Va.*, 198 F. Supp. 2d 787, 795 (W.D. Va. 2002) ("[I]t is permissible to reserve a difficult Eleventh Amendment question when the underlying claim lacks merit and when the defendant invites a decision on the merits."), *aff'd*, 145 F. App'x 7 (4th Cir. 2005) (unpublished per curiam opinion)). The Fourth Court has endorsed such an approach in limited circumstances, *see Constantine*, 411 F.3d at 482–83, none of which are present here, and UNC-Chapel Hill points to no authority requiring the Court to proceed in the way it urges. In fact, the Fourth Circuit has stated that "[o]nly if the Eleventh Amendment does not bar . . . claims

---

[7] *See, e.g.*, *Housecalls Home Health Care, Inc. v. U.S. Dep't of Health and Human Servs.*, 515 F. Supp. 2d 616, 626 (M.D.N.C. 2007) (holding that waiver of North Carolina's sovereign immunity "in contract actions only applies to actions proceeding in the North Carolina state courts, but not federal courts, even those sitting in North Carolina").

12

shall [the court] proceed to determine whether the allegations in [the plaintiff's] complaint state claims for relief." *Id.* at 483.

UNC-Chapel Hill also argues that the Court is without power to remand the case. (ECF No. 41 at 79, 81.) Procedures applicable to remand are contained in 28 U.S.C. § 1447(c). The statute addresses remands for lack of subject matter jurisdiction, which can occur at any time, and remands based on procedural defects in removal, which must be raised within 30 days of removal. 28 U.S.C. § 1447(c); *accord Doe v. Blair*, 819 F.3d 64, 66–67 (4th Cir. 2016). UNC-Chapel Hill's argument is that, because application of the Eleventh Amendment does not destroy the Court's subject matter jurisdiction, which was established at the time of removal,[8] and Plaintiffs have not moved to remand the case on a procedural defect, 28 U.S.C. § 1447(c) does not provide a basis for remand.

While the Fourth Circuit in *Roach* recognized that the Eleventh Amendment is not a true limit on a federal court's subject matter jurisdiction, it nonetheless held that the Eleventh Amendment prevents the exercise of such jurisdiction, requiring remand of an action removed from state court, rather than dismissal, under 28 U.S.C. § 1447(c). *See Roach*, 74 F.3d at 48–49 (concluding that "it is evident that the district court erred by dismissing the action rather than remanding" because "[t]he Eleventh Amendment prevented the district court from exercising subject-matter jurisdiction over [the plaintiff's] claims," requiring remand to state court pursuant to 28 U.S.C. § 1447(c)). Other courts are in accord with this result. *See, e.g.*, *Fent*, 235

---

[8] *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 514, 515 (7th Cir. 2011) (explaining that a federal court's jurisdiction under CAFA is determined at the time of removal and later events, such as dismissal of the removing party, do not destroy jurisdiction); *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 808 (5th Cir. 2006).

F.3d at 558–59 (recognizing that the Eleventh Amendment is not purely jurisdictional but concluding that, when the state asserts Eleventh Amendment immunity, it constitutes a bar to a federal court's exercise of subject matter jurisdiction, requiring remand); *Watkins v. Cal. Dep't Corrs.*, 100 F. Supp. 2d 1227, 1232 (C.D. Cal. 2000); *see also Shell v. Wall*, 808 F. Supp. 481, 484–85 (W.D.N.C. 1992) (remanding claims barred by the Eleventh Amendment in action removed to federal court); 13 Charles Alan Wright et al., *Federal Practice and Procedure* § 3524 at 254 (3d ed. 2008).

Because UNC-Chapel Hill's defense of Eleventh Amendment immunity is a jurisdictional bar to the exercise of federal jurisdiction, binding Fourth Circuit precedent requires that the Court remand the case under 28 U.S.C. § 1447(c).

For the reasons outlined herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that UNC-Chapel Hill's Motion to Dismiss (ECF No. 19) is GRANTED based on Eleventh Amendment immunity, and this matter is hereby REMANDED to the General Court of Justice, Superior Court Division, Durham County.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Judicial Notice of NCAA's Notice of Allegations Directed to UNC-Chapel Hill (ECF No. 28) and Plaintiffs' Motion to Strike UNC-Chapel Hill's Suggestion of Subsequently Decided Authority (ECF No. 38) are DENIED AS MOOT.

This, the 26th day of April, 2017.

                                                       /s/ Loretta C. Biggs
                                             United States District Judge